UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HILL,

        Plaintiff,                               CIVIL ACTION NO. 06-10547

v.                                      DISTRICT JUDGE BERNARD FRIEDMAN

STATE OF MICHIGAN, *et al.*,        MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

## REPORT AND RECOMMENDATION

On February 6, 2006, plaintiff Kenneth Hill, a pro se litigant, filed suit against the State of Michigan and Michigan Attorney General Michael Cox, alleging that the Attorney General and others were involved in some vast conspiracy, resulting in violations of RICO and of plaintiff's constitutional rights. Plaintiff was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The district court referred the case to this court for all pre-trial proceedings pursuant to 28 U.S.C. § 636. The matter comes before the court on defendants' motion to dismiss. Defendants contend that plaintiff has failed to set forth in the complaint any conceivable claim under federal or state law, that the complaint contains no allegations of wrongdoing by the Attorney General, and that they are entitled to Eleventh Amendment immunity.

The allegations of plaintiff's complaint are incomprehensible and fail to state any possible basis for liability against either the State or the Attorney General under RICO, 42 U.S.C. § 1983, or any other federal or state law. He alleges that a conspiracy was formed against him in revenge for his filing two previous lawsuits which were dismissed. He states in conclusory terms that defendants acted in "concert to facilitate obstruction" of his "right to file first amendment." They did business across state lines and violated RICO and other statutes. The complaint is patently frivolous, and should be dismissed as such under 28 U.S.C. § 1915(e)(2)(B). See Parchman v. Davis, 8 Fed.Appx. 519 (6th Cir. 2001)("A complaint is deemed frivolous if it lacks an arguable basis in law or in fact").

Further, while it is difficult to ascertain the relief plaintiff seeks, it appears that he is requesting money damages. Under the Eleventh Amendment, the State of Michigan is immune from an action for money damages absent abrogation by Congress or waiver by the State itself. Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div., 987 F.2d 376, 381 (6th Cir. 1993). Neither of these exceptions is present in this case. Accordingly, the State is entitled to Eleventh Amendment immunity.[1]

For these reasons, the court recommends that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED AS FRIVOLOUS** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Attorney General contends that he has been sued in his official capacity only and is thus entitled to Eleventh Amendment immunity. It is unclear whether plaintiff brought suit against the Attorney General in his official or personal capacity, or both. Given that the complaint is entirely frivolous, the court need not reach this question.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

  s/Virginia M. Morgan
VIRGINIA M. MORGAN
Dated: May 4, 2006    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HILL,

        Plaintiff,                        CIVIL ACTION NO. 06-10547

        v.                             DISTRICT JUDGE BERNARD FRIEDMAN

STATE OF MICHIGAN, *et al.*,        MAGISTRATE JUDGE VIRGINIA M. MORGAN

        Defendants.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and by U. S. Mail on May 4, 2006 to:

Kenneth Hill
P. O. Box 832
Hazel Park, MI 48030

                                            s/Jennifer Hernandez
                                            Case Manager to
                                            Magistrate Judge Virginia M. Morgan